

18-2136
Haynes v. Acquino

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand nineteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.
_____

BRENDA JOYCE HAYNES,

                    *Plaintiff-Appellant*,

                v.                                                          18-2136-cv

MIKE ACQUINO, WILLIAM REZABEK, JASON WHITENIGHTS, BOHDAN PAPISZ, JOHN SULLIVAN, UNKNOWN OFFICERS, UNKNOWN OTHERS,

                    *Defendants-Appellees*.[1]
_____

Appearing for Appellant:     Brenda Joyce Haynes, pro se, Buffalo, N.Y.

Appearing for Appellee:      Robert E. Quinn, Assistant Corporation Counsel, *for* Timothy A. Ball, Corporation Counsel, City of Buffalo, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Foschio, *M.J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of said District Court be and they hereby are **AFFIRMED**.

Plaintiff-Appellant Brenda Haynes, pro se, appeals from the June 26, 2018, order of the United States District Court for the Western District of New York (Foschio, *M.J.*), granting Defendants-Appellees' motion to alter the judgment and reinstating the June 28, 2016, judgment dismissing Haynes's complaint. As relevant here, these proceedings arose from Haynes's claim that she was falsely arrested in February of 2009 after police officers approached her while she was yelling obscenities at a bus stop in Buffalo. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Prior to trial in this matter, the district court determined that a state court's ruling that officers did not have probable cause to arrest Haynes was inadmissible under Federal Rule of Evidence 401 because it was irrelevant. A jury subsequently returned a verdict in favor of the defense. Haynes appealed, and this Court vacated the judgment and remanded the matter, finding that the district court erroneously concluded that the state court's ruling was irrelevant. *Haynes v. Acquino*, 692 F. App'x 670, 672-73 (2d Cir. 2017) (summary order). On remand, Defendants-Appellees moved to exclude the state court's ruling under Federal Rule of Evidence 403 and reinstate the district court's judgment on those grounds. The court granted Defendants-Appellees' motion and reinstated the judgment.

On appeal, Haynes argues that the district court's decision violated this Court's mandate in *Haynes v. Acquino*, 692 F. App'x 670. Haynes has also brought a motion to enforce this Court's mandate on similar grounds. We review de novo whether a district court has complied with this Court's mandate. *See Puricelli v. Republic of Argentina*, 797 F.3d 213, 218 (2d Cir. 2015). "In following a mandate, the lower court must carry out its duty to give the mandate full effect." *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 809 F.3d 94, 98 (2d Cir. 2015) (internal quotation marks omitted). However, "[w]hen the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *Id.*

Haynes's contention that the district court violated this Court's mandate is unfounded. The mandate in question vacated the district court's decision that the state court ruling was inadmissible on relevance grounds, but it did not foreclose the district court from excluding the state court ruling after weighing the probative value of the evidence against the decision's prejudicial impact. Therefore, the magistrate judge did not violate the Court's mandate by ruling anew on Rule 403 grounds, and Haynes's motion to enforce the mandate is denied.

The only remaining question on this issue is whether the district court's decision to exclude the evidence under Federal Rule of Evidence 403 was an abuse of discretion. *Lore v. City of Syracuse*, 670 F.3d 127, 173 (2d Cir. 2012). We conclude that the district court did not abuse its discretion in holding that the probative value of the state court's ruling on probable cause was substantially outweighed by the danger of its prejudicial impact and potential to confuse the jury. This Court has previously credited a district court's concern that "a jury might place undue emphasis on [a court] [o]rder simply because a judge issued it, and that introducing

[an] [o]rder might confuse the issues and mislead the jury." *United States v. Dupree*, 706 F.3d 131, 138-39 (2d Cir. 2013). However, in balancing the probative value and potential for unfair prejudice of a piece of evidence, courts should consider "the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules; *see also Dupree*, 706 F.3d at 138 ("A court should consider the possible effectiveness of a jury instruction . . . in making a Rule 403 determination."). A limiting instruction is ordinarily effective to cure potential prejudice, unless the prejudicial evidence is highly potent, determinative of an important issue, or of limited significance for any issue beyond the truth of the evidence. *See United States v. Reyes*, 18 F.3d 65, 71-72 (2d Cir. 1994).

Here, the district court did not abuse its discretion in concluding that the potential for unfair prejudice from admitting the state court's ruling substantially outweighed the probative value of the evidence. While the district court did not explain its conclusion that a limiting instruction could not mitigate the undue prejudice that the evidence caused, we agree that a limiting instruction would not cure the undue prejudice that the state court's ruling would create. Evidence of a court order that Defendants-Appellees lacked probable cause would be highly potent and potentially determinative of a key issue on Haynes's false arrest claim at trial. In addition, the state court's ruling was only significant in regard to whether the arresting officers had probable cause. As such, the court's choice to exclude the no probable cause ruling, rather than admit it with a limiting instruction, was not an abuse of discretion.

Haynes next argues she is entitled to summary judgment because the state court's ruling that the arresting officers did not have probable cause to arrest her is entitled to preclusive effect. We previously rejected this argument, *Haynes*, 692 F. App'x at 672, and we remain unpersuaded.

Lastly, Haynes has moved for sanctions against counsel for Defendants-Appellees on the basis that Defendants-Appellees' motion to exclude the state court ruling under Rule 403 and reinstate the judgment was filed for an improper purpose. Because we affirm the district court's decision granting that motion, we conclude that sanctions are not warranted. *See 60 E. 80th Street Equities, Inc. v. Sapir (In re 60 E. 80th Street Equities)*, 218 F.3d 109, 115 (2d Cir. 2000) (noting sanctions are limited to situations in which an attorney's actions are "completely without merit" (internal quotation marks omitted)).

We have considered the remainder of Haynes's arguments and find them to be without merit. Accordingly, the order and judgment of the district court are hereby AFFIRMED. Haynes's motion to enforce the mandate is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit